FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN APPLEGATE, wife; and RICHARD APPLEGATE, husband,<br>Plaintiffs,<br>v.<br>ALLIED VAN LINES INC,<br>Defendant. | No. 2:26-CV-00096-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 8. Plaintiffs are represented by Jacob E. Owens and Justin D. Bristol. Defendant is represented by Andrew B. Kleiner and Diane C. Babbitt. The Motion was considered without oral argument.

In October 2024, Plaintiffs entered into a contract (bill of lading) with Defendant to transport their household goods from Washington to Florida in exchange for approximately $16,000. Plaintiffs allege Defendant agreed to pay for the cost of repairs to restore the goods to the same condition they had been in before receipt by Defendant or pay Plaintiffs the amount necessary to replace the goods if the goods were damaged while in Defendant's possession. Plaintiffs allege their goods were damaged during transit, the cost to repair or replace them exceeds $100,000, and Defendant offered to pay approximately $12,000. Plaintiffs assert this constitutes a breach of the contract.

On February 27, 2026, Defendant removed the above-captioned matter to federal court. Plaintiffs filed their First Amended Complaint on March 19, 2026, asserting a single cause of action titled "Breach of Contract/Bill of Lading (49 U.S.C. § 14706)." 49 U.S.C. § 14706 codifies the Carmack Amendment and provides the exclusive cause of action and exclusive remedy for claims seeking to recover for loss or damage to goods during interstate transportation. *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008).

Defendant now moves to dismiss any claims preempted by the Carmack Amendment and to strike Plaintiffs' request for attorneys' fees to the extent it seeks fees "per contract, statute or equity as applicable" or otherwise on any basis not authorized by 49 U.S.C. § 14708.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the Court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

//

//

//

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Twombly*, 550 U.S. at 555.

Defendant asserts that "to the extent the FAC can be read to assert a separate state-law breach of contract claim (or to expand liability or remedies beyond Carmack by invoking state contract principles), that state-law theory is preempted and must be dismissed." Plaintiffs' sole cause of action explicitly cites the Carmack Amendment and contains no citation to any potentially applicable state law. Accordingly, it appears the Motion to Dismiss is unnecessary since the First Amended Complaint does not assert any state law causes of action. The contract forms the factual basis of the lawsuit, and the theory of recovery is based on the Carmack Amendment. Defendant's Motion asks the Court to dismiss causes of action that do not exist on the face of the Complaint.

What damages Plaintiffs may or may not be entitled to is an issue that is not ripe for resolution at this stage. The First Amended Complaint contains sufficient allegations to put Defendant on notice of what claim Plaintiffs intend to pursue.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of August 2026.

Stan Bastian
Chief United States District Judge